Opinion of the Court.
THE commissioners appointed for that purpose in 1809, proceeded to make partition of the land of Charles Webb, deceased, between his heirs, and actually assigned, by metes and bounds, to each of the heirs a specific lot, describing the lot assigned to the wife of William Conn, one of the heirs, by number 1.
After this assignment and before any report thereof was made to the court, William Conn sold the lot assigned to his wife, to Isaac Webb, for eight dollars per acre, and on the 17th of May 1809, executed to Webb an obligation in the penalty of six hundred and forty dollars, with a condition reciting, “ that whereas, the above named William Conn hath sold to the above named Isaac Webb, forty acres and one quarter of land, as per Samuel Finley’s plat, No. 1, in the division of Charles Webb’s land, beginning at a buckeye and boxelder on the line of Isaac Webb’s land, thence north 66 east 109 poles to a stake, a white ash on the patent line, and with the same south 24 east 59¼ poles to a white ash, south 66 west 109 poles to a stake in the field, thence north 24 west 59¼ poles to the beginning. Now, if the above William Conn, will make the above Isaac Webb, a good and sufficient deed with a general warranty, whenever called on so to do, then the above obligation to be void, else to remain in full force and virtue,” &c.
Some time subsequent to the execution of this bond, it being discovered by the commissioners that in making the partition and assignment they had not been governed by the true boundary of the land of Charles Webb, deceased, and had left out a part thereof, they refused to report their partition and allotment to court. In consequence of the refusal, part of the commissioners first appointed in conjunction with others were again appointed, and they accordingly divided the land and assigned to the wife of William Conn a different lot or parcel of land, including no part of the boundary first assigned her.
Statement of the case
Where it is impossible for the vender of land to comply with his contract, it ought to be cancelled.
After this, Conn refused to convey to Isaac Webb either of the lots, and in 1819. Webb exhibited his bill in equity against him. The bill charges the payment of the purchase money, and the refusal of Conn to convey either of the lots, and asks a decree for a conveyance of one or the other of the lots assigned to the wife of Conn, or if that be deemed not equitable, for the contract to be cancelled, and Conn be compelled to repay the purchase money with interest.
Conn answers the bill admitting the contract and several assignments by the commissioners ; but alleges the lot last assigned to be of much greater value and containing more acres than the first, and insists that as he has no interest in the lot first assigned he cannot convey it, and as the lot last assigned is not the one sold by him and is of greater value than the first, he ought not to be compelled to convey. He charges that under the contract of purchase, Webb received the possession of the lot first assigned, and has had the the use and possession thereof for many years, and insists that Webb should be made to account for the rents, &c.
On a hearing, the circuit court pronounced an interlocutory decree, cancelling the contract, and directing an account to be taken of the purchase money with interest, and the rents and improvements of the land, &c.
An account was accordingly taken by a commissioner appointed by the interlocutory decree, and there appearing a balance of but $215 20 cents in favor of Webb, a final decree was pronounced in his favor for that sum with interest. To reverse that decree Webb has brought the case before this court.
1. We apprehend the circuit court was correct in not decreeing a conveyance of either of the lots assigned by the commissioners to the wife of Conn. It would be perfectly vain and useless to decree a conveyance of the lot first assigned ; for as that assignment, in consequence of its not having been returned to court, and the assigment thereafter made, became inoperative, no conveyance which could be made by Conn, can pass to Webb any possible interest in the lot first assigned.
2. And were it even conceded, that a case might be conceived, which would justify a decree compelling Conn to convey the lot last assigned, under a contract *85 to convey a different boundary of land, we suppose such a decree would be palpably iniquitous, In the present case; for the title to the lot, instead of being in Conn, is in his wife ; and the number of acres contained in the lot last assigned, is not only greater, but it is of greater value than the lot which by his contract Conn stipulated to convey. But, whilst we concur with the circuit court in its refusal to decree a conveyance of either lot, we cannot accord with that court in the decree which it pronounced. We admit the propriety of so much of the decree as directed a cancelment of the contract in relation to the lot of ground; but, we apprehend. Conn ought not to have been allowed a deduction from the amount received for the land, and interest, for rents whilst the land was occupied by Webb. By Conn’s own showing, the title of the lot occupied by Webb must have been in another of the heirs of Charles Webb, deceased, after the assignment last made by the commissioners ; and consequently, after that assignment Conn can have had neither a right to the possession, nor to any interest in the rents thereafter accruing. Previous to the lot being assigned to another of the children, Conn must be admitted to have had an interest therein ; but the interest which he then held was an interest in coparcenary with the other children of Charles Webb, deceased, and as those other children are interested in the claim which is now asserted by him for rents which accrued previous to the last assignment of the lot, no decree should be made in his favor for any of the rents, without their being before the court. Conn has not, however, brought those other children before the court; and as it was not, for the purposes of Webb’s bill, necessary for him to do so. a decree should have been rendered in favor of Webb, for the amount of the money given by him for the lot of ground, and interest, leaving to Conn any remedy which he may have for rents, in a suit wherein all the children may he made parties.
A court of equity cannot compel him to convey other lands of greater value, in lieu of those which he contracted to convey, and cannot.
When the title of the man under whom possession of real estate was acquired, is completely extinguished, the possessor is accountable to the actual owner, and not to the one from whom he acquired the possession, for the rents and profits afterwards accruing.
The decree must be reversed with costs, the cause remanded to the court below, and a decree there entered in conformity to this opinion.