## Equitable Life Assurance Society v. Sorter, et al.

(Decided March 14, 1913.)

### Appeal from Daviess Circuit Court.

Insurance, Life—Action to Reform Policy—Judgment Should Conform to Contract.—Where one successfully seeks to have a life insurance policy reformed so as to conform to the true or original contract, the judgment should conform to the contract; it cannot add to the contract an obligation not made, or make a new contract for the parties.

HUMPHREY, MIDDLETON & HUMPHREY and GEORGE W. JOLLY for appellant.

SWEENEY, ELLIS & SWEENEY for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing:

On January 16, 1890, appellant issued to Charles Rudy a twenty-payment life insurance policy for $5,000.00. This policy was numbered 457,382, and its beneficiary clause read as follows:

"Does promise to pay to Olive Rudy, wife of Charles Dudy, for her sole use, if living, in conformity with the statute, and, if not living, to the surviving children of said Charles Rudy, or their guardian, for their use, or if there be no such children surviving, then to the executors, administrators or assigns of said Charles Rudy."

There was no provision in the policy for a change of beneficiaries; it did contain, however, a clause providing for a paid-up policy, after three years, for as many twentieths of the original policy as complete annual premiums had been paid. Olive Rudy, the wife, died on February 6, 1896, leaving two infant children, the appellees, Delilah Sorter and Mary J. Rudy. On April 9, 1906, Charles Rudy, the insured, qualified in the Daviess County Court as guardian of his two daughters; and at the same time an order was entered in that court authorizing Rudy, as guardian, to execute to appellant society an absolute release of the interests his wards owned in the insurance policy above referred to. Pursuant to that order, Rudy, as guardian, requested and authorized appellant to issue a substitute paid-up policy as provided by the surrender clause of the policy for eight-twentieths of the original policy, he having paid eight premiums out of twenty. He further requested appellant to insert in said policy for $2,000.00 a beneficiary clause making the policy payable to "Charles Rudy, his executors, administrators and assigns." On the faith of a certified copy of the order of the Daviess County Court authorizing Rudy as guardian to release the rights of his wards under the original policy, appellant issued a substituted policy as requested, on April 14, 1906, which insured the life of Charles Rudy for $2,000.00 and was payable to "Charles Rudy, his executors, administrators and assigns." On the same day appellant loaned to Charles Rudy the sum of $745.00, evidenced by his note, and took the substituted or second policy as security for its payment.

On March 31, 1910, this action was instituted by Delilah Sorter and Mary J. Rudy against appellant and Charles Rudy to require appellant to reform the sub-

stituted policy by making it payable in accordance with the terms and tenor of the original policy. The answer, as amended, among other things, alleges that Charles Rudy had paid $1,400.00 in premiums upon the original policy, and that by reason thereof his wife, Olive Rudy, was indebted to him in that sum, which was unpaid; and appellant asserted a right to claim a sufficiency of Charles Rudy's interest in the policy, by way of subrogation, to pay the $745.00 which the company had loaned him. Apellant does not claim that the county court had jurisdiction to make the order authorizing Rudy, as guardian, to surrender the policy so as to change the beneficiary, or that the order increased Rudy's power as guardian to any extent. The trial court sustained a demurrer to the answer, and the defendant declining to plead further, a judgment was entered denying appellant any lien upon or interest in the policy by reason of its loan of $745.00 to Rudy; and further directing appellant to issue to Delilah Sorter and Mary J. Rudy, and such surviving child or children of said Charles Rudy as might be living at the death of Charles Rudy, a policy for $2,000.00. In other words, the judgment directed the new policy to be substantially in the same words and figures as the original policy, except that it substituted the names of Delilah Sorter, Mary J. Rudy and such other children of Charles Rudy as he might leave surviving him as beneficiaries, in the place of Charles Rudy's surviving children, and if none, then to Charles Rudy's executors, administrators or assigns. From that judgment the defendant prosecutes this appeal, and for a reversal it relies upon the single point that the judgment is erroneous in that it changed the beneficiaries in the substituted policy from those in the original policy and thereby required appellant to perform a contract which it never made.

The original policy was payable to Olive Rudy, the wife, if living, and if not living, to the surviving children of Charles Rudy, or, if there should be no children surviving him, then to the executors, administrators and assigns of Charles Rudy, while the judgment directed the substituted policy to be made payable to Delilah Sorter and Mary J. Rudy and such surviving children of Charles Rudy as might be living at the time of his death. Clearly the judgment departed from the contract as originally made between the parties since under the original policy the respective interests of Delilah Sorter and Mary J.

Rudy were contingent upon their surviving their father, while under the policy ordered by the judgment they were given a vested interest not subject to be so divested. Under the original policy, if Charles Rudy were survived by neither his wife nor children, the policy would be payable to his estate, and in that way appellant might have an opportunity to set off its note for $745.00 against the claim of Charles Rudy under the policy, while under the policy ordered by the judgment, Charles Rudy's estate could under no circumstances become the beneficiary.

It is elementary law that where one successfully seeks to have a contract reformed so as to conform to the true or original contract between the parties, the judgment should conform to the contract; it cannot add to the contract and obligation not made, or make a new contract for the parties. Sproule v. Winant, 7 T. B. Mon., 195; 18 Am. Dec., 164; Webb. v. Conn., 1 Litt., 82; 13 Am. Dec., 225; McConnell v. Dunlap, Hardin, 41; 3 Am. Dec., 723; Lloyd v. O'Rear, 22 Ky. L. R., 1000; 59 S. W., 483.

In the case at bar appellees would sustain the judgment making the change because the original answer says, evidently by inadvertence, that the original policy was payable to Olive Rudy, if living, and if not living, to the surviving children of the insured, and that the new or substituted policy for $2,000.00 was payable in the same manner. This, however, was a mistake, since the original policy was not payable as there recited, but otherwise, as heretofore stated. At the time the answer was filed neither policy had been filed in the case and the substituted policy has never been filed. Subsequently, however, the original policy was filed and the amended answer accurately sets out its provisions as to the beneficiaries, thus correcting the mistake originally made. Under this state of pleadings it was error for the circuit judge to require appellant to issue a new policy differing in its terms from the original policy.

The judgment of the circuit court is reversed with instructions to enter a judgment requiring appellant to issue a policy payable precisely as the original policy was payable.